UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A & J PRODUCE CORP.,
                      Plaintiff,

-v-

BOROUGH PARK FOOD MART LLC
t/a BORO PARK FOOD MART, et al.,
                      Defendants.

17-CV-2337 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff A & J Produce Corp. ("Plaintiff" or "A & J") brings this suit against Defendants Borough Park Food Mart LLC ("Food Mart"), Martin Silberstein, and Ellen Silberstein for breach of their obligations under the Perishable Agricultural Commodities Act ("PACA"), breach of contract, and failure to pay for goods sold.[1] Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 19.) Defendant has failed to file a brief in opposition to the motion. For the reasons that follow, the motion is granted.

## I. Background

The following facts are taken from the Plaintiff's statement of undisputed material facts. Unless otherwise noted, these facts are properly supported by evidence in the record and are not subject to a genuine dispute.[2]

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

[2] In this case, "Defendants have failed to respond to Plaintiff's request for admission within the 30 days of service, and therefore are deemed to have admitted all 'statements or opinions of fact, or application of law to fact.'" *Virga v. Big Apple Const. & Restoration Inc.*, 590 F. Supp. 2d 467, 471–72 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 36(a)(3)). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* (quoting Fed. R. Civ. P. 36(b)). Admissions under Rule 36(a) are a permissible basis for concluding that no genuine factual disputes remain. *See id.*

A & J and Food Mart are both engaged in the business of buying and selling perishable agricultural commodities in interstate commerce. (Dkt. No. 20 ("Pl.'s SUF") ¶¶ 1–2.) Both are also licensed dealers under PACA. (*Id.*) Defendants Martin Silberstein and Ellen Silberstein are "officers, directors, and/or shareholders" of Food Mart. (Pl.'s SUF ¶¶ 8, 12.)

Between February 24, 2017, and March 13, 2017, Plaintiff sold and delivered to Defendants, and Defendants accepted, produce worth $17,791.50. (Pl.'s SUF ¶ 3.) Defendants failed to pay for the goods, despite repeated demands by Plaintiff. (Pl.'s SUF ¶ 4.)

In March 2017, Plaintiff filed this action to recover the amount Defendants owed to them. (Dkt. No. 1.) Plaintiff moved for summary judgment in August 2017 (Dkt. No. 19), and Defendants failed to oppose that motion.

## II. Legal Standard

"A motion for summary judgment may not be granted unless all of the submissions taken together 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Adam Friedman Assocs. v. Media G3, Inc.*, No. 10 Civ. 5350, 2011 WL 6287981, at *1 (S.D.N.Y. Dec. 14, 2011) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Id.* (quoting *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (internal quotation marks omitted)). "In deciding a motion for summary judgment, a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Id.* (quoting *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011)).

"The standard of review is the same when a motion for summary judgment is unopposed." *Id.* at *2. In deciding an unopposed summary judgment motion, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is

no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Id.* at 244 (emphasis in original) (quoting *Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir. 2001)). "Moreover, in determining whether the moving party has met this burden," the Court "must be satisfied that the citation to evidence in the record supports the assertion" and cannot rely exclusively on the moving party's Rule 56.1 Statement. *Id.*

### III. Liability

Plaintiff is entitled to summary judgment on its first cause of action for failure to pay PACA trust funds. (Dkt. No. 1 ¶¶ 13–15.) PACA "require[s] that certain purchasers create and maintain a statutory trust to protect unpaid suppliers and sellers of covered commodities." *A & J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 357 (S.D.N.Y. 2005). Section 499(e) of PACA provides that

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, *shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment* of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2) (emphasis added). To recover under this section, a plaintiff must demonstrate the following elements:

> (1) the commodities sold were perishable agricultural commodities;
> (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full

3

> payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law.

*Chang*, 385 F. Supp. 2d at 358.

Here, Plaintiff has met its burden of production with respect to all five elements of its PACA trust claim. First, under PACA, the term "perishable agricultural commodity" refers to any "[f]resh fruits and fresh vegetables of every kind and character," including those that are "frozen or packed in ice." 7 U.S.C. § 499a(b)(4)(A). Plaintiff has produced invoices for four shipments of such fruits and vegetables to Defendants. (Dkt. No. 21-1 at 23–35.)

Second, Defendants have effectively admitted that Food Mart was licensed as a "dealer" under PACA. (Dkt. No. 21-1 at 16, 21) Third, Plaintiff has established that the transactions occurred in interstate and/or foreign commerce because, as demonstrated by the invoices (Dkt. No. 21, 23–35), "a portion of [Plaintiff's] business involved produce that physically crossed state lines." *See Fishgold v. OnBank & Tr. Co.,* 43 F. Supp. 2d 346, 349 (W.D.N.Y. 1999); *see also Produce Place v. U.S. Dep't of Agric.*, 91 F.3d 173, 175–76 (D.C. Cir. 1996) (explaining that the term "interstate commerce" is interpreted broadly under PACA). Fourth, Defendants have effectively admitted failure to pay for the shipments in these invoices. (Dkt. No. 21-1 at 3.)

Fifth, and finally, Plaintiff provided notice of its intent to preserve its PACA trust rights via these four invoices. Printed invoices constitute proper notice under 7 U.S.C. § 499e(c)(4) if they meet the following conditions: (1) they are "'ordinary and usual,' meaning 'communications customarily used between parties to a transaction in perishable agricultural commodities in whatever form, documentary or electronic, for billing or invoicing purposes'"; (2) the payment period appears on the invoice; and (3) they contain "a statement of intent to preserve the trust, the precise language of which is provided in the statute." *Chang*, 385 F. Supp.

4

2d at 361 (quoting 7 C.F.R. § 46.46(5)). Here, all three of these notice requirements are satisfied on the face of Plaintiff's invoices. (Dkt. No. 21 at 23–35)

Plaintiff is also entitled to summary judgment on its second cause of action under PACA's prompt payment provisions. "PACA requires all covered entities . . . to make 'full payment promptly' for all purchases of perishable agricultural commodities received in interstate commerce." *Kanowitz Fruit & Produce Co. v. United States*, 166 F.3d 1200 (2d Cir. 1998) (quoting 7 U.S.C. § 499b(4)). Based on the facts described above, Defendants have violated the "prompt payment" provision of § 499b, and are therefore liable for damages under § 499e(a).[3]

Plaintiff also moves for summary judgment on its fifth and sixth causes of action under PACA against Defendants Martin and Ellen Silberstein personally for unlawfully dissipating trust assets. (Dkt. No. 1 ¶¶ 30–39; Dkt. No. 22 at 8.) "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007). Here, Martin and Ellen Silberstein were indisputably in "positions of control" of Food Mart, *see DiMare Homestead, Inc. v. Alphas Co. of New York*, No. 09 Civ. 6644, 2012 WL 1155133, at *14 (S.D.N.Y. Apr. 5, 2012), (holding individual defendants personally liable where they were "officers and shareholders of [the company], signatories on its corporate bank accounts, and listed as 'Principals' on its PACA license"), *aff'd*, 547 F. App'x 68 (2d Cir. 2013): both Martin and Ellen were officers or directors of Food Mart, had check-signing authority, exercised management duties over employees, and made business

---

[3] Having found liability under PACA, the Court need not address Plaintiff's alternative claims for failure to pay for goods sold and breach of contract. *See A & J Produce Corp. v. Harvest Produce Corp.*, No. 16 Civ. 7239, 2017 WL 3668995, at *3 n.3 (S.D.N.Y. Aug. 24, 2017).

decisions on the company's behalf. (Dkt. No. 21-1 at 39–40, 51–52.) Martin is also listed as principal of Food Mart on its PACA license. (Dkt. No. 21-1 at 16.). Furthermore, Martin signed an agreement with Plaintiff "personally guarantee[ing] the prompt payment of all invoices and costs incurred for the collection" of past due invoices. (Dkt. No. 21-1 at 48)

Under PACA, Food Mart and the Silbersteins, as individuals in positions of control of the company, had a fiduciary duty to preserve "sales proceeds 'in trust for the benefit of all unpaid suppliers or sellers of such commodities.'" *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (quoting 7 U.S.C. § 499e(c)(2)). "The regulations also provide that purchasers 'are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." *Id.* at 241–42 (emphasis omitted) (quoting 7 C.F.R. § 46.46(d)(1)). By failing to turn over the trust assets to Plaintiff when payment became due, Defendants breached their fiduciary duty. *See Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993). As persons in positions of control of Food Mart, the Silbersteins are jointly and severally liable to Plaintiff for this dissipation of Plaintiff's PACA trust assets. *See Coosemans*, 485 F.3d at 706; *Harvest Produce*, 2017 WL 3668995, at *3.[4]

### IV. Damages

"A dealer in violation of any provision of PACA 'shall be liable to the person or persons injured thereby for the full amount of damages (including any handling fee paid by the injured person or persons under section 6(a)(2) [7 U.S.C. § 499f(a)(2)] of [PACA]) sustained in consequence of such violation." *Harvest Produce*, 2017 WL 3668995, at *4 (first alteration in

---

[4] Because the Court concludes that Martin is jointly and severally liable for Borough Park's breach of its PACA trust duties, it need not address Plaintiff's argument that he is liable for breach of his personal guaranty. (Dkt. No. 22 at 11.)

original) (quoting 7 U.S.C. § 499e(a)). In addition, reasonable attorneys' fees may be "awarded as 'sums owing in connection with' perishable commodities transactions under PACA,'" where the parties' contract provides a right to such fees. *Id.* (quoting *Coosemans*, 485 F.3d at 709) (brackets omitted). "It is similarly settled that reasonable contractual prejudgment interest provisions are enforceable under PACA." *Id.*

Here, Plaintiff's invoices provide that past due payments "shall accrue interest at the annual rate of 18%," and that Defendants will pay "reasonable attorney's fees plus cost[s]" if "overdue accounts are referred to an attorney." (Dkt. No. 21-1 23–35.) The Court concludes that the contracted interest rate, as well as the rates and times charged by Plaintiff's attorneys, are reasonable. *See Harvest Produce*, 2017 WL 3668995, at *4. Therefore, Plaintiff is entitled to recover its reasonable attorney's fees of $7,871.43 plus accrued prejudgment interest of $1,015.47. (Dkt. No. 21, Exs. 7, 8.)

## V.     Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. Plaintiff is entitled to judgment against Defendants in the principal amount of $17,791.50. Defendants are also liable to Plaintiff for attorneys' fees in the amount of $7,871.43 and accrued prejudgment interest in the amount of $1,015.47. Plaintiff is entitled to a total judgment against Defendants, jointly and severally, of $26,678.40. Judgment shall be entered accordingly.

The Clerk of Court is directed to close the motion at Docket Number 19 and to close the case.

SO ORDERED.

Dated: January 25, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge